IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GREGORY JACKSON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 5:04-CV-401 (WDO) |
| | : | |
| | : | |
| GEORGIA DEPARTMENT OF | : | |
| CORRECTIONS, | : | |
| JIM JONES, JAMES DONALD, | : | |
| TYDUS MEADOWS, DR. RAMSEY, | : | |
| DR. BURNSIDE, | : | |
| | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| Defendants | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

## ORDER AND RECOMMENDATION

Plaintiff GREGORY JACKSON, filed the above-captioned complaint alleging violations of his Eighth Amendment constitutional rights. Plaintiff sought and was granted leave to proceed *in forma pauperis*. Plaintiff has paid the initial partial filing fee as ordered by the court.

### *I. STANDARD OF REVIEW*

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

1

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

In any § 1983 action, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, ***overruled in part on other grounds,*** 474 U.S. 327 (1986).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in part one of his complaint that the handcuffs, waist and leg iron chains that prison officers forced on him while he was having a seizure caused his arms and legs to swell. Plaintiff asserts that he was denied treatment for his arm and leg for five months. However, he fails to state which defendant, if any, violated his constitutional rights in this manner.

In part two of his complaint, plaintiff alleges that WARDEN TYDUS MEADOWS failed to have him properly evaluated before being assigned to a work detail. Plaintiff states that DR. RAMSEY did not perform a physical examination before plaintiff was assigned to work as a dormitory orderly.

2

### III.  RECOMMENDATIONS OF DISMISSAL

#### A.  Georgia Department of Corrections

Plaintiff names the GEORGIA DEPARTMENT OF CORRECTIONS as a defendant.  The Georgia Department of Corrections is not a  person withing the meaning of 42 U.S.C. § 1983.  ***See Dean v. Barber***, 951 F.2d 1210, 1214 (11th Cir. 1992). Thus, it is not a proper party in this proceeding.

The undersigned **RECOMMENDS** that the claims against THE GEORGIA DEPARTMENT OF CORRECTIONS be **DISMISSED** and that said party be terminated as a defendant herein.

#### B.  Dr. Burnside

Further, upon consideration of plaintiff's complaint, it clearly appears that although DR. BURNSIDE is named as a defendant, no allegations have been set forth against him.   Therefore, the undersigned **RECOMMENDS** that claims against DR. BURNSIDE be **DISMISSED** and that he be terminated as a defendant herein.

#### C.  Respondeat Superior

Finally, plaintiff's claim against JAMES DONALD and TIM JONES are not cognizable.  As a general rule, respondeat superior is not a sufficient basis for imposing liability under § 1983.  ***Brown v. Crawford***, 906 F.2d 667 (11th Cir. 1990).  Rather, supervisory liability is imposed when a plaintiff shows either supervisor participation in the alleged constitutional violation or causal connection between the supervising official's actions and the alleged constitutional deprivation.  ***Brown v. Crawford***, 906 F.2d 667 (11th Cir. 1990).

Plaintiff has not satisfied these standards with respect to either JAMES DONALD or TIM JONES.  Therefore, the undersigned **RECOMMENDS** that the claim(s) against them be **DISMISSED** and that they be terminated as defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these **RECOMMENDATION**S with the district judge to whom this case is assigned by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

### IV.  ORDER TO SUPPLEMENT COMPLAINT

Defendants T<span>YDUS</span> M<span>EADOWS</span> and D<span>R.</span> R<span>AMSEY</span> appear to be the only defendants remaining, although it is not clear at this juncture exactly what plaintiff contends these defendants did or did not do. Accordingly, plaintiff is ORDERED AND DIRECTED to SPECIFY exactly what he contends defendants M<span>EADOWS</span> and R<span>AMSEY</span> did or did not do to violate his constitutional rights.   Plaintiff shall have **TWENTY (20) DAYS** from the date of receipt of this order to provide a short and concise statement of his claim against <u>each</u> of these defendants as follows: by naming and listing them separately and setting forth the claim or claims against   <u>each</u> particular defendant in the space following that defendant's name. Plaintiff shall   <u>BRIEFLY</u> tell the court   <u>exactly</u> what he contends that particular defendant did which constitutes a claim under 42 U.S.C. §1983, setting forth the <u>date</u> and <u>place</u> of the incident(s) complained of by him.

In addition, he shall be permitted to restate his claim(s) concerning the handcuffs and leg irons placed on him while he was having a seizure, naming and listing those he contends committed this act against him and providing the information about this claim in the same manner as required to be provided for defendants Meadows and Ramsey.

SO ORDERED AND RECOMMENDED, this 3rd day of A<span>UGUST</span>, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE