**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **GREGORY JACKSON,** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | NO.  5:04-CV-401 (WDO) |
| | : | |
| | : | |
| **TYDUS MEADOWS** | : | |
| **and DR. RAMSEY,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| Defendants | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

# RECOMMENDATION

*Pro se* prisoner **GREGORY JACKSON** has filed the above-styled complaint pursuant to 42 U.S.C. § 1983.  On August 3, 2005, the undersigned recommended dismissal of certain defendants, leaving WARDEN TYDUS MEADOWS and DR. RAMSEY as the only remaining defendants.  This Recommendation was subsequently adopted and made the order of the court.  With regard to the remaining defendants, plaintiff was ordered to supplement his complaint setting forth his claims against them.  Plaintiff was also granted leave to restate his claim concerning the handcuffs and leg irons placed on him while he was having a seizure.  Upon review of plaintiff's supplement, the undersigned **RECOMMENDS** dismissal of the within complaint for the following reasons:

## I. STANDARD OF REVIEW

### A. 28. U.S.C. § 1915(e)(2)

Because plaintiff sought leave to proceed *in forma pauperis*, the Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2).

Notwithstanding any filing fee or portion thereof that might have been paid, a court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. *Id*. at 327; *See also* ***Clark v. Georgia Pardons & Paroles Bd.***, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### *B. General Requirements of 42 U.S.C. § 1983*

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. ***Parratt v. Taylor***, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

## *II. PLAINTIFF'S ALLEGATIONS*

Plaintiff JACKSON avers in his supplemental complaint that the defendants failed to provide him with adequate medical treatment, thereby subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. He alleges that Warden Tydus Meadows failed to have him properly evaluated before having him assigned to work as a dormitory orderly; he asserts that Warden Meadow's violated Georgia Department of Corrections Code 125-3-5 by failing to order a medical evaluation for plaintiff prior to his being assigned to a work detail.

Plaintiff states that DR. RAMSEY, who heads the Medical Health Service Administration at Men's State Prison, violated his right to access a copy of his medical file. Plaintiff further states that the employees who physically abused him were under the supervision of Dr. Ramsey.

## II.  RECOMMENDATION OF DISMISSAL

### A.  *Defendant Tydus Meadows*

Plaintiff's claim against Tydus Meadows is not cognizable. Plaintiff's complaint that he was classified as medically unassigned is a classification question for resolution in the Georgia, not the federal, court system.  ***Shields v. Hopper***, 519 F.2d 1131, 1132 (5th Cir. 1975).[1]  Further, a claim that state officials have failed to follow the procedural provisions of state law, without more, does not aver a cause of action under § 1983.  ***Id***.  Therefore, IT IS RECOMMENDED that defendant Meadows be DISMISSED from this case.

### B.  *Defendant Dr. Ramsey*

Upon consideration of the allegations made against defendant Dr. Ramsey, the court finds that plaintiff JACKSON has not made sufficient allegations of constitutional wrongdoing against him. Plaintiff does not have a constitutional right to review his medical file.  *See* ***Franklin v. McCaughtry***, 2003 U.S. Dist. LEXIS 26437.

Further, a plaintiff cannot prevail under 42 U.S.C. § 1983 based solely on a theory of respondeat superior.  ***Rogers v. Evans***, 792 F.2d 1052, 1058 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitutional deprivation.  ***Cotton v. Jenne***, 326 F.3d

---

[1] In ***Bonner v. City of Prichard***, 661 F.2d 1206 (1981), the Eleventh Circuit held that all decisions of the former Fifth Circuit decided prior to October 1, 1981 are binding precedent in this Circuit.

1352, 1360 (11th Cir. 2003); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). The plaintiff must also allege deprivation of rights by individual employees in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1316 (11th Cir. 2000); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981). In the case at bar, plaintiff JACKSON has not demonstrated that Dr. Ramsey was actually involved in, or exercised control or direction over, the constitutional deprivation complained of.

Accordingly, IT IS RECOMMENDED that the claim against defendant Dr. Ramsey be **DISMISSED** and that he be terminated as a party herein.

### *C. Handcuff and Leg Iron Claim*

Finally, regarding plaintiff's claim that handcuffs and leg irons were placed on him while he was having a seizure, plaintiff has failed to name any individual whom he contends committed this act. In fact, plaintiff does little more than restate the allegations set forth in his original complaint, failing to provide the information the court directed him to provide. Therefore, the undersigned court finds that he has failed to state a claim for relief under Section 1983 and RECOMMENDS that this claim also be DISMISSED.

### III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the instant action be **DISMISSED** in accordance with the provisions of 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of November, 2005.



                CLAUDE W. HICKS, JR.
                UNITED STATES MAGISTRATE JUDGE